### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **OWNERS INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO: 4:06-CV-928-RDP** |
| ) | |
| **CHAMBERS PLASTERING AND** ) | |
| **EXTERIOR COATINGS, INC.** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION

The court has before it Plaintiff Owners Insurance Company's ("Owners") Motion for Default Judgment against Defendant Chambers Plastering and Exterior Coatings, Inc. ("Chambers") (Doc. # 13) filed July 11, 2007. For the reasons outlined below, the motion is due to be granted.

This action was commenced on May 11, 2006, by the filing of Owner's declaratory judgment complaint. (Doc. # 1). A copy of the summons and complaint was served on Defendant Chambers on April 16, 2007 by certified mail addressed to Chambers Plastering, 1810 Guntersville Road, Arab, Alabama 35016[1] and was signed as received by Sherryl Chambers. (Doc. # 10). Although the court's docket sheet indicates that Chambers' answer to the complaint was due on May 7, 2007,

---

[1] At Owners' request, the court initially issued a summons on May 12, 2006, the day after the complaint was filed, which was mailed to Chambers via certified mail addressed to Chambers Plastering, 1810 Cullman Road, Arab, Alabama, 35016. (Docs. # 2, 3). However, on May 17, 2006, the summons was returned unexecuted. (Doc. # 4). The case remained stagnant until the court issued a show cause order on February 27, 2007, requiring Owners to show cause why the action should not be dismissed pursuant to Fed.R.Civ.P. 4(m) for failure to perfect service. (Doc. # 5). In response, Owners showed sufficient reason why service had not yet been perfected, and therefore the court extended the time for service until April 27, 2007 and reissued the summons to Chambers via certified mail addressed to the location listed above. (Docs. # 7, 8, 9). Thereafter on April 17, 2007, the summons was returned executed to the court showing that service had been perfected on Chambers on April 16, 2007. (Doc. # 10).

Chambers failed to appear or otherwise to respond to the allegations of Owners' complaint for declaratory judgment. In response to Plaintiff's July 9, 2007 motion for entry of default (Doc. # 11), default was entered against Chambers by the Clerk of Court on July 10, 2007 (Doc. # 12).

Plaintiff now seeks a Rule 55(b) default judgment against Chambers in the form of a declaration that, under the policies of Commercial Generality Liability Coverage issued to Chambers from October 22, 1998 through February 18, 2004, Owners is not obligated to defend nor indemnify Chambers in the underlying action, *Jaspers Family Hotels, Inc. v. Larry Snyder and Company*, CV 03-788019, pending in the Circuit Court of Taney County, Missouri. (Docs. # 1, 13). Although the underlying litigation pending in the Missouri Circuit Court was originally brought by Jaspers Family Hotels, Inc. against only its general contractor, Snyder and Company, for construction defects to one of its hotel projects, Snyder and Company then filed a third-party complaint against various sub-contractors on the project including Chambers. (Doc. # 1, Exs. A, B). Thus, Owners seeks from this court a declaration that no coverage exists for the allegations against Chambers that are outlined in Snyder and Company's third-party complaint in the underlying lawsuit.

Rule 55 (b) states in relevant part:

> (b) [Default] Judgment. Judgment by default may be entered as follows:
> ...
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it

>deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed.R.Civ.P. 55. The court finds that all of the requirements of Rule 55(b)(2) are satisfied in this case. Owners' motion for default judgment indicates that Chambers is not a minor, nor incompetent, nor covered by the Servicemembers Civil Relief Act. (Doc. # 13, at ¶ 2). Therefore, the requirement that an infant be represented by a general guardian, committee, conservator, or other such representative who has appeared prior to entry of a default judgment is not applicable here. *See* Fed. R. Civ. P. 55(b)(2). Moreover, Chambers has not appeared in this action, and therefore, the court is not required to provide it with written notice of Owners' application for judgment prior to entering default judgment. *See* Fed. R. Civ. P. 55(b)(2). Finally, because Owners seeks only a declaratory judgment and not damages, "all essential evidence is already of record" and an evidentiary hearing is not required. *S.E.C. v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir.1981) ("Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument on a motion for a default judgment.") (*citing Thomas v. United States*, 531 F.2d 746, 748 (5th Cir.1976) ("Taxpayer's first contention that the district court should have held an evidentiary hearing and/or oral argument on the motion is without merit. All the essential facts were of record.")).[2]

---

[2] The Eleventh Circuit has noted that, in any event, "[a]n evidentiary hearing is not a *per se* requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)(citing Fed.R.Civ.P. 55(b)(2) ("[T]he court may conduct such hearings . . . .").

Accordingly, the court will, by separate order, grant Owners' Motion for Default Judgment (Doc. # 13) and enter a default judgment in favor of Owners and against Chambers that is consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ___13th___ day of July, 2007.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE